**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUITY GROWTH ASSET MANAGEMENT, a California Corporation, | No. C 11-5571 CW |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S MOTION TO SHORTEN TIME AS MOOT (Docket Nos. 8 and 9) |
| v. | |
| MARC JON SOPER; and DOES 1-10, | |
| Defendants. | |

_____/

Plaintiff Equity Growth Asset Management moves to remand this case to San Mateo Superior Court. Defendant Marc Jon Soper has failed to respond to Plaintiff's motion to remand within the fourteen-day deadline. See Civil Local Rule 7-3(a). The Court takes the motion under submission on the papers. For the reasons set forth below, the Court GRANTS Plaintiff's motion.

BACKGROUND

Plaintiff filed this action on August 26, 2011 in San Mateo Superior Court, asserting a claim for unlawful detainer against Defendant Marc Jon Soper. Notice of Removal, Ex. A. Defendant was served with the complaint on September 6, 2011. Vratari Decl. ¶ 6; Notice of Removal, Ex. B, at 4. Defendant filed a demurrer on September 12, 2011, which the state court overruled. Notice of Removal ¶ 9, Ex. B.

Defendant removed this action to federal court on November 16, 2011. In his Notice of Removal, Defendant states that this Court has subject matter jurisdiction, because his demurrer

United States District Court
For the Northern District of California

1   alleged that Plaintiff violated the federal Protecting Tenants at

2   Foreclosure Act of 2009.

3                            LEGAL STANDARD

4        A defendant may remove a civil action filed in state court to

5   federal district court so long as the district court could have

6   exercised original jurisdiction over the matter.  28 U.S.C.

7   § 1441(a).  Title 28 U.S.C. § 1447(c) provides that if, at any

8   time before judgment, it appears that the district court lacks

9   subject matter jurisdiction over a case previously removed from

10  state court, the case must be remanded.  On a motion to remand,

11  the scope of the removal statute must be strictly construed.  Gaus

12  v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "The 'strong

13  presumption' against removal jurisdiction means that the defendant

14  always has the burden of establishing that removal is proper."

15  Id.  Courts should resolve doubts as to removability in favor of

16  remanding the case to state court.  Id.

17                             DISCUSSION

18       It is well-established "that a suit 'arises under' federal

19  law 'only when the plaintiff's statement of his own cause of

20  action shows that it is based upon [federal law].'"  Vaden v.

21  Discover Bank, 129 S. Ct. 1262, 1272 (2009) (quoting Louisville &

22  Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908)) (formatting

23  in original).  Federal jurisdiction may not rest upon "an actual

24  or anticipated defense or counterclaim."  Id.;  see also, Eden

25  Housing Mgmt., Inc. v. Muhammad, 2007 WL 4219397, at *2-3 (N.D.

26  Cal.) (finding no federal question jurisdiction where plaintiff's

27  unlawful detainer complaint presented no federal question and

28  defendant sought to assert section 1983 counterclaims).  In the

                                   2

**United States District Court**
For the Northern District of California

1  instant case, Plaintiff's complaint alleges only unlawful detainer

2  pursuant to California Code of Civil Procedure § 1161a.  Removal

3  cannot be based solely on allegations that Defendant raises in his

4  defense.

5      Further, federal law requires that a notice of removal "be

6  filed within 30 days after the receipt by the defendant, through

7  service or otherwise, of a copy of the initial pleading setting

8  forth the claim for relief upon which such action or proceeding is

9  based."  28 U.S.C. § 1446(b).  Defendant was served with the

10  complaint on September 6, 2011 and did not file a notice of

11  removal until November 16, 2011, more than two months later.

12  Accordingly, Defendant has waived "the right to remove by failing

13  to file a notice of removal within the 30-day time limit."  BDA

14  Inv. Props. LLC v. Sosa, 2011 U.S. Dist. LEXIS 54524, at *10 (C.D.

15  Cal.) (citing Goldberg v. CPC Int'l, Inc., 495 F. Supp. 233, 236-

16  37 (N.D. Cal. 1980)).

17                            CONCLUSION

18      For the foregoing reasons, Plaintiff's motion to remand is

19  GRANTED (Docket No. 8).  Plaintiff's motion to shorten time to

20  hear its motion to remand is DENIED as moot (Docket No. 9).

21      The Clerk shall remand this action to San Mateo Superior

22  Court and close the file.

23      IT IS SO ORDERED.

24

25  Dated: 12/27/2011                      _____
                                          CLAUDIA WILKEN
26                                         United States District Judge

27

28

3